UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| RICHARD JOE FITTEN | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. 1:06-cv-206 |
| | ) | *Mattice/Carter* |
| CHATTANOOGA POLICE DEPT., | ) | |
| OFFICER TINNEY, | ) | |
| | ) | |
| *Defendants.* | ) | |

## MEMORANDUM

Richard Joe Fitten ("Fitten") has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 (Court File No. 6). Fitten brings suit against the Chattanooga Police Department and Officer Tinney. Fitten asserts he was falsely arrested on a charge of theft over $1,000.00 which was subsequently dismissed. Fitten requests "the Court to exempt [him] from all the charges that occured [sic] injunction with the previous charge and to award [him] a sum of money that the court feel [sic] is adequate satisfaction." (Court File No. 6, p. 5). For the reasons discussed below, Fitten's complaint (Court File No. 6) will be **DISMISSED.**

### I.     *Standard of Review*

*Pro se* pleadings filed in civil rights cases are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States,* 508 U.S. 106, 113 (1993); *Boag v. MacDougall,* 454 U.S. 364, 365 (1982); *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991). However, *pro se* status does not exempt Fitten from the requirement that he comply with relevant rules of procedural and substantive

law. *Hulsey v. State of Texas,* 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the FEDERAL RULES OF CIVIL PROCEDURE which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority,* 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.,* 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to FED. R. CIV. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties,* 55 F.3d at 1103-04; *Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools,* 960 F. Supp. 1259, 1268 (W.D. Mich. 1997). The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard,* 76 F.3d at 726; *Gazette v. City of Pontiac,* 41 F.3d 1061, 1064 (6th Cir. 1994). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Lillard,* 76 F.3d at 726 (citations omitted).

The Court screens the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e). Furthermore, 28 U.S.C. § 1915(e)(2) provides that the Court must dismiss a case at any time if the Court determines that it is frivolous or fails to state a claim upon which relief can be granted.

     A.     *Screening Pursuant to 28 U.S.C. §§ 1915A and 1915(e)*

> When screening a prisoner complaint, a district court must examine
> both § 1915A and § 1915(e)(2). If the civil action seeks redress from
> a governmental entity, officer, or employee, the district court must

2

dismiss the complaint, or any portion of the complaint, which (a) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (b) seeks monetary relief from a defendant who is immune from monetary relief. 28 U.S.C. § 1915A. Should the complaint contain any allegations that do not fall within § 1915A, the district court must then examine the complaint under § 1915(e)(2). The requirements of §1915(e)(2) overlap the criteria of § 1915A. Section 1915A is restricted to prisoners who sue government entities, officers, or employees. In contrast, § 1915(e)(2) is restricted neither to actions brought by prisoners, nor to cases involving government defendants. Further, § 1915A is applicable at the initial stage of the litigation, while § 1915(e)(2) is applicable throughout the entire litigation process. A case that may not initially appear to meet §1915(e)(2) may be dismissed at a future date should it become apparent that the case satisfies this section. Thus, in prisoner cases, the district court must first examine a complaint under § 1915A and then review the complaint under § 1915(e)(2) before the case can proceed in due course. A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners. The dismissal of a complaint under §1915(e)(2) or § 1915A does not negate a prisoner's obligation to pay the filing fee in accordance with § 1915(b)(1)- (2). See *In re Tyler*, 110 F.3d [528] 529-30 [(8th Cir. 1997)]. We make it explicit: a court's responsibility under the Prison Litigation Act is to first examine the financial status of a prisoner and make the assessment of fees. After the fees have been assessed, the merits of a complaint or appeal may be reviewed. Our mandate, however, does not prevent a district court from making the fee assessment and conducting the screening process in the same opinion or order.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997).

## II.     *Facts*

The Court has reviewed the record in the light most favorable to Fitten. Fitten claims he was

arrested on August 25, 2006, and falsely imprisoned by Officer Tinney. Fitten contends he was

arrested based solely on the statement of two white males who claimed he had given them a stolen

bus from Georgia. Although Fitten was charged with theft over $1,000.00, the charge was eventually dismissed.

### III.    *Analysis*

#### A.    *42 U.S.C. § 1983*

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law.  *Flagg Bros. Inc. v. Brooks,* 436 U.S. 149, 155-156 (1978); *Brock v. McWherter,* 94 F.3d 242, 244 (6th Cir. 1996).  To maintain a cause of action for damages under 42 U.S.C. § 1983, a plaintiff must also allege the defendant caused the plaintiff an injury and show actual damages. *See Carey v. Piphus*, 435 U.S. 247, 255 (1978); *Chatman v. Slagle,* 107 F.3d 380, 384 (6th Cir. 1997);  *Zehner v. Trigg,* 952 F.Supp. 1318, 1321 (S.D. Ind.), *aff'd* 133 F3d 459 (7th Cir. 1997).  Although the *Federal Rules of Civil Procedure* do not require a plaintiff to set out in detail the facts underlying the claim, the plaintiff must provide sufficient allegations to give defendants fair notice of the claims against them. *Leatherman v. Tarrant County Narcotic Intelligence & Coordination Unit,* 507 U.S. 163, 168 (1993).  To state a § 1983 claim, Fitten must allege sufficient facts that, if true, would establish he incurred an injury when the defendants deprived him of a right secured by the Constitution of the United States while they acted under color of law.  *See Brock,* 94 F.3d at 244.

#### B.    *Identity of Defendants*

Fitten identifies the Chattanooga Police Department and Officer Tinney as defendants.  The Chattanooga Police Department is not a legal entity amenable to being sued under 42 U.S.C. § 1983. The Chattanooga Police Department is not a municipality but is merely a municipal agency or

department of the City of Chattanooga rather than a separate legal entity. *See Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994)(police departments are not legal entities which may be sued); *Obert v. The Pyramid,* 381 F.Supp.2d 723, 729 (W.D. Tenn. 2005) (police department is not a legally-existing entity); *Williams v. Baxter,* 536 F.Supp. 13, 16 (D.C. Tenn. 1981). Therefore, the Chattanooga Police Department is not a suable entity for § 1983 purposes and all claims brought by Plaintiff against the Chattanooga Police Department pursuant to 42 U.S.C. § 1983 will be **DISMISSED**.

The Plaintiff has also named Officer Tinney as a Defendant. Plaintiff has failed to identify in what capacity he has sued this Defendant. The complaint does not indicate whether Defendant is being sued in his official capacity, individual capacity, or both.

A suit brought against a public, government official will not be construed as seeking damages against the defendant in his individual capacity unless such a claim for individual liability is clearly and definitely set forth in the pleading. *Pelfrey v. Chambers,* 43 F.3d 1034, 1038 (6th Cir.), *cert. denied,* 515 U.S. 1116 (1995); *Thiokol Corp. v. Department of Treasury, State of Mich., Revenue Div.,* 987 F.2d 376, 383 (6th Cir. 1993); *Lovelace v. O'Hara,* 985 F.2d 847, 850 (6th Cir. 1993); *Hardin v. Straub,* 954 F.2d 1193, 1199-1200 (6th Cir. 1992); *Wells v. Brown,* 891 F.2d 591 (6th Cir. 1989); *Johnson v. Turner,* 855 F. Supp. 228, 231 (W.D. Tenn. 1994), *aff'd,* 125 F.3d 324 (6th Cir. 1997). Generally, absent any express indication the defendant is being sued in his individual capacity, the Court must assume he is being sued only in his official capacity as an employee of the governmental entity. *Whittington v. Milby,* 928 F.2d 188, 193 (6th Cir.), *cert. denied,* 502 U.S. 883 (1991); *Wells,* 891 F.2d at 593-94.

Although it is preferable that plaintiffs explicitly state whether a defendant is sued in his or her individual capacity, the failure to do so is not fatal if the complaint or other filed documents provide sufficient notice to the defendant that he is being sued as an individual. In *Moore v. City of Harriman*, 272 F.3d 769 (6th Cir. 2001), the caption on Moore's complaint listed the officers' names, not their official titles; the complaint referred to the officers throughout as the "individual defendants;" the complaint identified the officers as "acting for themselves and for the City . . .;" and Moore sought compensatory and punitive damages against each of the defendants. The Sixth Circuit stated that taken as a whole, the complaint likely provided sufficient notice to the officers that they were being sued as individuals. *Id.* at 774. However, the Sixth Circuit ruled that "Moore's response to the officers' motion to dismiss clarified any remaining ambiguity: 'The individuals named are police officers who are being sued in their individual capacities for using excessive and unreasonable force while making an arrest of the Plaintiff on April 7, 1996.'" *Moore v. City of Harriman*, 272 F.3d at 773, 774.

The complaint before this Court is not analogous to the complaint in *Moore*. In the case at bar, Plaintiff failed to specify in his complaint that he was suing the Defendant as an individual, rather than in his official capacity. Indeed, the Defendant is identified in the style of the case with his official title and in the statement of the claim as "the officer" (Court File No. 6). Plaintiff seeks monetary damages and "for the court to exempt [him] from all the charges occured [sic] injection [sic] with the previous charge[.]" (court File No. 6, p. 5). Although Plaintiff does seek monetary damages, and the request for monetary damages is one factor that might place an individual on notice that he is being sued in this individual capacity, that alone is insufficient to place an official on notice that he is being sued in his individual capacity. *See Shepherd v. Wellman*, 313 F.3d 963, 969 (6th

6

Cir. 2002)("Although Moore recognizes that the request for monetary damages is one factor that might place an individual on notice that he is being sued in his individual capacity, we do not read that case as holding that a request for money damages is alone sufficient to place a state official on notice that he is being sued in his individual capacity"). Thus, absent any clear indication in the complaint that Officer Tinney is being sued in his individual capacity, the Court must assume he is being sued in his official capacity. *Id.* at 772.

A claim against Officer Tinney in his official capacity is treated as being an action against the governmental entity. *Hafer v. Melo,* 502 U.S. 21, 25 (1991); *Barber v. City of Salem, Ohio,* 953 F.2d 232, 237 (6th Cir. 1992). Because Defendant has been sued only in his official capacity as an employee of the City of Chattanooga ("City"), the Court must proceed as if Plaintiff has in fact sued the City. Therefore, in order to prevail, Plaintiff must demonstrate that the alleged violation of his constitutional rights resulted from acts representing official policy or custom adopted by the City. *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 690-91 (1978); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir. 1989), *cert. denied,* 495 U.S. 932 (1990).

In order to prevail in an action against a defendant in his official capacity, a plaintiff must show, first, that he has suffered harm because of a constitutional violation and second, that a policy or custom of the entity--in this case, the City of Chattanooga--caused the harm. *See Collins v. Harker Heights, Tex.,* 503 U.S. 115, 120 (1992). Plaintiff must identify the policy, connect the policy to the county itself, and show that the particular injury was incurred because of the execution of that policy; all of which Plaintiff has failed to do. *See Garner v. Memphis Police Dept.* 8 F.3d 358, 363-64 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177 (1994) (citation omitted).

Plaintiff does not allege that the violation of his rights resulted from any policy or custom on the part of the City of Chattanooga. Consequently, Defendant Officer Tinney is entitled to judgment as a matter of law.

Accordingly, the complaint will be **DISMISSED** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(3) (Court File No. 6).

An appropriate judgment will enter.

> _/s/Harry S. Mattice, Jr._
> HARRY S. MATTICE, JR.
> UNITED STATES DISTRICT JUDGE